**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4679**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RAPHAEL DAVONNE POWELL,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:08-cr-00328-F-1)

Submitted: January 28, 2010       Decided: February 18, 2010

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphael Davonne Powell pled guilty pursuant to a plea agreement to one count of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b) (2006), and two counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). Powell was sentenced to 73 months in prison on the Hobbs Act count, 84 months on the first firearm charge, and 300 months on the second charge, to be served consecutively. In this appeal, Powell raises two claims challenging his sentence and one claim challenging the effectiveness of his trial counsel. The Government has moved to dismiss the appeal. The motion to dismiss the sentencing claims is based on the appellate waiver; the argument for dismissal of the ineffective counsel claim is based on the fact that counsel's ineffectiveness is not apparent on the face of the record before us. For the reasons that follow, the Government's motion to dismiss will be granted in part and denied in part, and Powell's appeal will be dismissed in part and affirmed in part.

It is well-settled that "a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742." United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo." United

States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). In undertaking that review, this court will enforce an appellate waiver where such a waiver "is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questioned the defendant regarding the waiver during the Federal Rule of Criminal Procedure 11 colloquy and the record indicates that the defendant understood the significance of the waiver. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Further, only a "narrow class of claims involves errors that the defendant 'could not have reasonably contemplated' when the plea agreement was executed," and therefore are excluded from the scope of the waiver. Poindexter, 492 F.3d at 270 (quoting Blick, 408 F.3d at 172). Claims that proceedings following the guilty plea were conducted in violation of the defendant's Sixth Amendment right to counsel, see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), or that a sentence was imposed in excess of the statutory maximum penalty "or based on a constitutionally impermissible factor such as race," United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), fall within the category of claims excluded from an appellate waiver.

3

At Powell's Rule 11 hearing, the Government stated in open court all terms of the plea agreement, including the appellate waiver,[1] and Powell indicated that he understood all aspects of the agreement. The district court also raised the issue of the appellate waiver numerous times with Powell,[2] and Powell indicated his understanding of his right to appeal only an upward departure from the advisory guidelines established at sentencing. Powell, a high school graduate, was represented by counsel at the hearing, and the court determined that he was competent and had entered the agreement knowingly and intelligently. As the record demonstrates that Powell knowingly

---

[1] Powell's appellate waiver required him:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[2] Powell claims in his response to the Government's motion to dismiss that the district court's statements regarding his "right to appeal" preclude application of the waiver. However, the court did not make any statements that contradicted the waiver, and in fact repeatedly reminded Powell that he had waived his right to appeal except in very limited circumstances.

and voluntarily agreed to the appellate waiver, we find the waiver valid and enforceable.

Further, Powell does not allege and the record does not reflect that his sentence exceeds the applicable Guidelines range or the statutory maximum penalties, or that his sentence was based on a constitutionally impermissible factor. Therefore, as his sentencing issues are within the scope of the valid waiver, we grant in part the Government's motion to dismiss the appeal, and dismiss the appeal of Powell's sentence.

Powell also alleges that he was deprived of his right to the effective assistance of counsel following his guilty plea, asserting that his trial counsel "fail[ed] to pursue viable objections to the Presentence Report that would have lowered Powell's Guidelines sentencing range for the Hobbs Act conspiracy charge." Because Powell's appellate waiver expressly reserved his right to appeal on the ground of ineffective assistance of counsel, this claim is not within the scope of the appellate waiver, and we may not dismiss it on that ground. The Government's motion to dismiss this unwaived claim constitutes, in effect, a motion for summary disposition, which we reserve for extraordinary circumstances not present here. 4th Cir. R. 27(f). Therefore, we deny the Government's motion to dismiss in part, and proceed to address the ineffective assistance claim raised by Powell.

"A claim of ineffective assistance of counsel should be raised by a habeas corpus motion under 28 U.S.C. § 2255 in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks and alterations omitted). Powell contends that the ineffective assistance provided by his trial counsel is apparent on the face of the record, and that any argument by the Government that counsel may have had a strategic reason for not raising the specific objections must be rejected. However, the appellate record contains no affidavit or response from trial counsel indicating why he chose not to make the objections at issue; therefore, any conclusion by this court regarding his decision would be premised on surmise or speculation. Thus, we decline on direct appeal to consider Powell's arguments regarding his trial counsel's ineffective assistance. See United States v. Allen, 491 F.3d 178, 191-92 (4th Cir. 2007).

Accordingly, we grant the Government's motion to dismiss in part and dismiss Powell's challenge to his sentence. We deny the motion to dismiss in part and affirm Powell's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART